**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DENNIS L. WESTBROOK, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil No. 14-0249-CV-W-FJG |
| ) | Crim. No. 09-0188-11-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on March 14, 2014).

On August 20, 2009, a superseding indictment was returned charging 14 individuals, including movant, for their involvement in a conspiracy to distribute illegal drugs. On February 13, 2011, the Government filed an information under 21 U.S.C. § 851, alleging that movant had been previously convicted for distribution, delivery, and manufacture of a controlled substance, and as a result of this prior felony drug the penalty range for Count One of the indictment in this matter was increased to not than 20 years' imprisonment to not more than life imprisonment, and a minimum of ten years' supervised release. On February 18, 2011, following a jury trial, movant was found guilty of Count One of the superseding indictment, conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and Count Twenty-One of the superseding indictment, using a communication facility to distribute cocaine, in violation of 21 U.S.C. §§ 843(b), (d), and 846. On October 6, movant appeared before the district court for sentencing, and was sentenced to the statutory minimum, 240 months on Count One and 48 months on Count Twenty-One, to be served concurrently. Movant appealed, arguing the district court erred in failing to exclude the testimony of certain cooperating witnesses and for denying a motion for

trial. The Eighth Circuit affirmed the district court. United States v. Dunn, 723 F.3d 919 (8th Cir. 2013).

Movant asserts three grounds for relief, with numerous sub-parts: (1) ineffectiveness of trial counsel in the plea process; (2) ineffectiveness of trial counsel generally, in (a) failing to move to dismiss the indictment; (b) failure to challenge movant's arrest; (c) failure to object to the government's evidence, (d) failure to raise or investigate a defense; (e) failure to seek severance from other defendants; (f) failure to argue that the testimony of Special Agent Mark King proved movant's innocence; (g) failure to seek daily transcripts of the trial; (h) failure to move to suppress evidence; (i) failure to request appropriate jury instructions; (j) failure to properly represent movant at sentencing; (k) failure to properly present claims on appeal; (l) operating under a conflict of interest; and (m) the cumulative impact of the above alleged errors; and (3) movant's conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments. The government asserts, and this Court agrees, that movant has set forth no factual basis for the alleged violations of the First, Fourth, Fifth, Sixth, and Eighth Amendments, and therefore the Court will deny all claims in the third ground for relief as conclusory allegations with no legal or factual basis. The Court now turns to movant's claims of ineffective assistance of counsel.

**STANDARD**

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate he was prejudiced by the alleged incompetence of counsel by showing the existence of

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**JUDGMENT**

The Court has reviewed movant's motion (Doc. No. 1), movant's supporting memorandum (Doc. No. 3), respondent's opposition (Doc. No. 7), movant's reply (Doc. No. 10), and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, the Court finds that defense counsel was not ineffective during plea negotiations and movant was not prejudiced by the actions of defense counsel in plea negotiations, as (1) the government never made a formal plea offer to Westbrook, and movant continued to deny involvement in the drug conspiracy during his sentencing hearing; and (2) the government asserts that had movant scheduled a plea without the benefit of a formal plea offer and cooperation, it would have filed the information charging the prior conviction and enhancing the statutory penalties prior to the change of plea hearing, and thus movant could have had no lesser sentence than the one he received. The Court further finds no error in (1) defense counsel's alleged failure to move dismiss the indictment, as movant sets forth no legal authority that would have allowed the Court to dismiss the indictment or the superseding indictment; (2) defense counsel's alleged failure to challenge movant's arrest, as there is no legal authority or factual reason for such a challenge; (3) defense counsel's alleged failure to object to or rebut testimony presented by the government, as the trial record demonstrates that defense counsel objected to government witnesses and vigorously cross-examined witnesses; defense counsel's alleged failure to investigate, as movant points to no other evidence which should have been raised; (5) defense counsel's alleged failure to seek severance,

3

as movant has not demonstrated a ground upon which his attorney could have filed a motion, nor has he demonstrated that the court would have granted such a motion, has he demonstrated prejudice; (6) defense counsel's alleged failure to argue that testimony of Special Agent Mark King proved that movant was not involved in the crime, as the testimony of King does not establish such proof, and most of the evidence movant came from other sources; (7) defense counsel's alleged failure to seek daily transcripts of the trial, because non-receipt of daily copy does not automatically impede trial representation and movant can demonstrate no prejudice, especially given that transcripts were prepared prior to sentencing and in advance of appeal; (8) defense counsel's alleged failure to move to suppress evidence, as movant does not identify any evidence which was subject to suppression and for which a valid reason for suppression exists; (9) defense counsel's alleged failure to request appropriate jury instructions and object to inappropriate jury instructions, as movant fails to identify which jury instructions were insufficient or inappropriate; (10) defense counsel's alleged failure to properly represent movant at sentencing, as movant fails to identify what evidence counsel have presented at sentencing and fails to demonstrate that the outcome of the proceeding would have been different, as movant could not have received a sentence below the statutory range of punishment; (11) defense counsel's alleged failure to properly present claims on appeal, as movant's argument regarding the mandatory minimum sentence is erroneous[1] and movant fails to provide any appellate claims which he believes defense counsel should have raised; (12) defense counsel's alleged conflict of interest, as movant has provided no factual information at all about this purported conflict of interest, and his conclusory allegations alone cannot support this claim; and

---

[1] As noted by the government, under <u>Apprendi</u>, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, other than the fact of a prior conviction. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). The only fact that increased movant Westbrook's statutory penalty was his prior conviction.

(13) defense counsel's alleged cumulative errors, as movant has failed to establish any single event of ineffective assistance of counsel and provides no reason why this Court should apply cumulative error to his claims.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed March 14, 2014, is **DENIED**.

Movant's request for discovery from defense counsel is denied, as the government has attached defense counsel's affidavit to its response. No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Given that no evidentiary hearing is necessary, movant's request for appointment of counsel will be denied. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: August 18, 2014  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge